# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCELL BROWN,

                Plaintiff,

v.

SGT. PAUL, M. MEISNER, and J.
TASSLER,

                Defendants.

Case No. 21-CV-395-JPS

**ORDER**

Plaintiff Marcell Brown, an inmate confined at Fox Lake Correctional Institution ("Fox Lake"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

## 1.  MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 28, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $117.95. (Docket #6). On May 14, 2021, the Court granted Plaintiff's request to have his initial partial filing fee taken from his release account. (Docket #8). Thereafter, on May 25, 2021, the Court received the

*entire* filing fee of $402.00. Plaintiff then wrote to the Court, explaining that this amount was paid in error by the prison; Plaintiff asks that the Court refund him the amount paid over the initial partial filing fee. (Docket #9). The Court will do so. The Court orders that the Clerk of Court refund $284.05 to Plaintiff and that the institution return that money to the account out of which it was taken. Additionally, the Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). Plaintiff must pay the remainder of the filing fee, $232.05, over time in the manner explained at the end of this Order.

## 2.  SCREENING THE COMPLAINT

### 2.1  Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

Case 2:21-cv-00395-JPS   Filed 02/24/22   Page 2 of 7   Document 10

has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff alleges that, on February 2, 2021, he was a personal care worker for another inmate at Fox Lake, Jacoby, who needed to be transported to the Health Services Unit. (Docket #1 at 2). Plaintiff attempted to transport Jacoby in Jacoby's wheelchair, however, "the wheelchair came up from the ground because there is a 'crackage' in the cement about a[n] inch & a half." (*Id.*) When the wheelchair lifted due to the crack, it punctured Plaintiff's knee and groin, which caused him pain. (*Id.* at 2–3).

According to Plaintiff, he had previously reported this crack in the cement to the security director of Fox Lake. (*Id.* at 4). He had also brought to Sgt. Paul's attention that Jacoby's wheelchair was inadequate for both the terrain and Jacoby's size. (*Id.*) Both the security director and Sgt. Paul took no action after Plaintiff informed them of these two problems before Plaintiff was injured. (*Id.*)

### 2.3 Analysis

Plaintiff's allegations invoke his rights under the Eighth Amendment. The Eighth Amendment proscription of cruel and unusual punishment "obligates prison officials to 'take reasonable measures to guarantee the safety of . . . inmates.'" *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)); *see also LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020). A plaintiff "seeking to establish a violation of that Eighth Amendment right must show that the prison official was deliberately indifferent to an excessive risk to the [inmate's] health or safety, which includes both an objective and subjective component." *LaBrec*, 948 F.3d at 841.

The first inquiry is whether the harm to which the inmate was exposed was "an objectively serious one." *Id*. The second inquiry is whether the prison official had "actual, not merely constructive, knowledge of the risk to be liable." *Id*. Specifically, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. "Because a prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' prison officials who actually knew of a substantial risk to inmate health or safety can nevertheless escape liability if they responded

reasonably to the risk, whether or not the harm was ultimately averted." *LaBrec*, 948 F.3d at 841 (quoting *Farmer*, 511 U.S. at 844–45).

Here, Plaintiff's complaint fails as to the second prong—whether prison officials were aware of and ignored a substantial risk to Plaintiff's health or safety. Plaintiff states that he informed prison officials at Fox Lake that Jacoby's wheelchair was inadequate for the terrain and Jacoby's size. He also informed prison officials that there was a crack in the cement across which Jacoby had to be transported. These two conditions posed risks to Jacoby—i.e., that his wheelchair could not support him and that the sidewalk was in a condition unfit for his wheelchair. The risks about which Plaintiff informed prison officials did not present a substantial threat to Plaintiff's health and safety. Defendants[1] were not deliberately indifferent to Plaintiff's health and safety.

### 3. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted. His complaint alleges that, while Defendants may have been deliberately indifferent to Jacoby's health and safety, they were not deliberately indifferent to Plaintiff's. What happened to Plaintiff was an unfortunate accident, but it is not enough to rise to a constitutional claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court refund $284.05 to Plaintiff and that the institution return that money to the account out of which it was taken;

---

[1] Plaintiff's complaint is also deficient for failing to discuss the specific roles of Defendants M. Meisner and J. Tassler in causing his injuries.

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $232.05 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.